FILED & JUDGMENT ENTERED
Steven T. Salata

Oct  18  2013

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

*Laura T Beyer*
Laura T. Beyer
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

In re:                          )
                                )        Chapter 13
**Charles Albert Walker**        )        Case No. 11-30340
**Vicki Welch Walker,**          )
                                )
                Debtors.        )
_____ )

**ORDER DENYING APPLICATION OF ATTORNEY FOR DEBTORS FOR APPROVAL
OF ATTORNEY'S FEES, AWARDING REASONABLE COMPENSATION, AND
ALLOWING REIMBURSEMENT OF REASONABLE AND NECESSARY EXPENSES**

This matter came before the court upon the application of Susanne M. Robicsek (hereinafter "Applicant"), attorney for the Debtors in the above-referenced Chapter 13 case, for approval of compensation for professional services rendered totaling $22,553.33 and reimbursement of expenses totaling $665.14 (the "Application"). The Application discloses a "courtesy adjustment" of $2,375.00 that was offset against total professional services and an adjustment for fees that had previously been paid in the amount of $1,919.31, leaving a net request for compensation of $18,924.16.

The Chapter 13 Trustee for the Charlotte Division, Warren L. Tadlock, filed an objection to the Application, and the Bankruptcy Administrator joined in his objection. The court conducted a hearing on the Application on August 23, 2013. Present at the hearing were the Applicant, who was represented on a limited basis by Cindy Oliver; the Chapter 13 Trustee; and Alexandria Kenny on behalf of the Bankruptcy Administrator.

After considering the evidence presented and the arguments of the parties, the court finds that the Applicant has not met her burden of demonstrating to the court that the services performed and fees incurred by her as detailed in the Application were reasonable. Therefore, the court concludes that the "base" and "non-base" fees previously awarded to the Applicant are reasonable compensation for the work performed in this case and that the Application should be denied.

## FINDINGS OF FACT

1.   The Debtors filed this Chapter 13 case on February 11, 2011. The court dismissed the case on February 28, 2011 due to the Debtors' failure to timely file all required schedules and statements and a proposed plan. The case was subsequently reinstated by court order entered March 16, 2011. The Debtors' plan, filed on March 1, 2011, proposed payments to the Chapter 13 Trustee of $50.00 per month pending the sale of the Debtors' residence and the disbursement of the net sale proceeds to their

creditors.  The court confirmed the proposed plan on May 24, 2011.   The Chapter 13 Trustee objected to certain exemptions claimed by the Debtors, and the court entered an order on November 21, 2011, sustaining the objection.

2.   On August 10, 2012, Charles Owens, the real estate broker representing the prospective purchasers of the Debtors' residence, filed a motion seeking to have the court conduct a hearing on the sale of the Debtors' residence.   The motion indicated that "multiple good faith efforts have been made by debtors, both realtors and an outside attorney to inquire about the status of this court hearing and process.  All attempts to communicate with the debtors' legal counsel about the status of this process/transaction have been ignored."   The prospective purchasers filed a similar motion on November 1, 2012, and the court denied both motions for failure to prosecute.[1]

3.   On September 10, 2012, the court entered an order granting the Debtors' August 17, 2012 application for authority

---

[1] The court received correspondence from the prospective purchasers on October 19, 2012, in which they provided a detailed chronology of events in the case related to the sale of the Debtors' residence and asserted that the Applicant's "unresponsiveness" and "inattentiveness" to this case would cause the sale of the Debtors' residence to fall through.  The court acknowledged receipt of the letter by correspondence dated October 23, 2012 and informed the prospective purchasers that the court could not act upon the basis of a letter but that they would have to seek any relief in the form of a motion or an adversary proceeding.  The prospective purchasers filed the motion seeking to have the court conduct the hearing on the sale of the Debtors' residence on November 1, 2012.

to sell their residence free and clear of liens for $280,000.00 with the liens to attach to the net proceeds of sale. The September 10, 2012 order allowed the Applicant a presumptive non-base attorney's fee of $450.00 for filing the application. By subsequent order entered December 6, 2012, the court granted the Debtors' November 13, 2012 amended application to sell their residence free and clear of liens for $267,500.00 with the liens to attach to the net proceeds of sale. The December 6, 2012 order allowed the Applicant a second presumptive non-base attorney's fee of $450.00 for filing the amended application. The amended application was necessitated by an offset in the original contract sale price due to certain required repairs to the Debtors' residence that were discovered upon inspection.

4. Aside from the above-referenced matters, a review of the case docket shows that little other substantive activity took place in the case. All of the remaining docket entries are procedural in nature. For example, no adversary proceedings were filed by or against the Debtors, no creditor sought relief from stay, and the Debtors did not object to any claims.

5. Following the closing of the contract to sell, the Debtors were each paid their full homestead exemption of $35,000.00 by the closing attorney. The closing attorney forwarded the remaining $53,035.05 of net proceeds from the sale

to the Chapter 13 Trustee to be held in escrow pending further order of the court.

6.   The Applicant filed the Application for compensation on June 17, 2013. The Application includes requests for compensation for 85.5 hours of professional services rendered on behalf of the Debtors dating back to February 9, 2009, two years prior to the filing of the Chapter 13 case, the reduced compensation for 1.9 hours of attorney's time, and courtesy adjustments of 13.3 hours. The Application also requests compensation for attorney's time incurred in the preparation of the Application itself and the accompanying brief.

## CONCLUSIONS OF LAW

**The Test of Reasonableness**

7.   Pursuant to 11 U.S.C. § 330(a)(4)(B), in a Chapter 13 case a bankruptcy court may allow reasonable compensation to the attorney for the debtor for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in section 330. The "other factors" relevant to the court's analysis include the following:

> (A)   the time spent on such services;

> (B)   the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3)(A)—(F).

8. In addition to the factors cited in § 330(a)(3), the United States Court of Appeals for the Fourth Circuit has instructed bankruptcy courts to consider the following twelve factors when evaluating fee applications (the "Johnson factors"):

(1) the time and labor expended;

(2) the novelty and difficulty of the questions raised;

(3) the skill required to properly perform the legal services rendered;

(4) the attorney's opportunity costs in pressing the instant litigation;

(5) the customary fee for like work;

(6) the attorney's expectations at the outset of the litigation;

(7) the time limitations imposed by the client or circumstances;

(8) the amount in controversy and the results obtained;

(9) the experience, reputation and ability of the attorney;

(10) the undesirability of the case within the legal community in which the suit arose;

(11) the nature and length of the professional relationship between attorney and client; and,

(12) attorneys' fee awards in similar cases.

Int'l Home Fashions, Inc. v. Roberts & Stevens, P.A. (In re Int'l Home Fashions, Inc.), 2010 WL 3895730, at *2 (W.D.N.C. Sept. 29, 2010) (citing Harman v. Levin, 772 F.2d 1150, 1151 n.1 (4th Cir. 1985)).

9. Both the statutory and Fourth Circuit tests for reasonableness make clear that the ability of a Chapter 13 debtor's attorney to seek compensation from the assets of the bankruptcy estate is not based solely on the fact that that the professional services were performed on behalf of a debtor. Services that bear no relationship to the administration of the Chapter 13 case itself, or services that were related to the administration of the case but were excessive or unnecessarily duplicative, are not to be compensated simply because attorney

time was expended performing those services. "The attorney requesting compensation from the bankruptcy estate bears the onus of demonstrating to the court that the services performed and fees incurred were reasonable." In re Courtois, 222 B.R. 491, 495 (Bankr. D. Md. 1998) (citing In re Rosen, 25 B.R. 81, 86 (Bankr. D.S.C. 1982)).

## Application of Statutory and Johnson Factors

10. In reviewing the facts of this case, the court finds that the presumptive base and non-base fees in effect at the time of the filing of this case constitute reasonable compensation for the Applicant and a departure from the presumptive fees is not warranted. In conducting its analysis, the court considered only the specific statutory and Johnson factors it considered to be relevant to this case. See Int'l Home Fashions, 2010 WL 3895730, at *3 (rejecting argument that bankruptcy court was required to make explicit factual findings on each of the twelve factors).

### *Time and Labor Expended*

11. While the court does not doubt that the Applicant actually incurred all of the attorney's time for which she seeks compensation from the estate, the vast majority of the time was expended on matters that were either not directly related to the administration or completion of the Chapter 13 case, or if related, were excessive and unnecessarily duplicative.

12. As an initial matter, the court notes that the fees for which the Applicant seeks to be compensated were incurred beginning more than two years before the case was filed. The court is aware that a significant amount of pre-bankruptcy planning is sometimes necessary. However, over two years' worth seems excessive, particularly in a case such as this one that appears to be fairly routine. Therefore, the court cannot conclude that all of those services were related to the administration of this case.

13. Moreover, a review of the Application reveals multiple entries regarding business issues, business litigation, and tax issues. At the hearing on the Application, the Applicant testified that the Debtors faced some potentially complex business-related and tax issues, but she conceded that she referred the Debtors to other attorneys to handle those matters and did not perform that legal work herself. Thus, the court finds that much of the time spent addressing these issues was unnecessary or duplicative.

14. Finally, of note among the 212 entries in the Application, at least twelve of them were for attorney-client conferences ranging from 1.3 hours to 3.75 hours in length, totaling 25.55 hours and $6,552.50 in attorney's fees. At the hearing on the Application, the court observed that the Debtors were an elderly couple, and the male Debtor seemed to have

difficulty hearing and was easily confused. Based on the evidence that was presented and its review of the time entries in the Application, the court concludes that much of the Applicant's time appears to have been spent hand-holding the Debtors and responding to matters that were not legal in nature and that would have been better served by the attention of the members of her support staff.

***Novelty and Difficulty of the Questions Raised***

15. The excessive amount of time expended by the Applicant on this case together with the lack of novelty and difficulty of the questions raised underscore the unreasonableness of the fees sought by the Applicant. After considering the testimony at the hearing and reviewing the case docket itself, the court concludes that this case was a routine Chapter 13 case. As previously noted, the confirmed plan called for maintenance payments to the Chapter 13 Trustee of $50.00 per month pending the sale of the Debtors' principal residence, with the net proceeds of the sale to be disbursed to the priority and general unsecured creditors holding allowed claims. There were no legal issues regarding the relative entitlements of competing ownership interests or lien interests to the sale proceeds. Although an amended application for authority to sell the residence was required due to a reduction in the contract purchase price because of unanticipated repairs discovered

during inspection, the property itself was not otherwise remarkable or difficult to market for sale.

16.  While the Applicant testified that the sale of the residence was complicated by what she characterized as a "difficult" realtor representing the purchasers, and "difficult" purchasers themselves, the court notes that the purchasers contacted the court by correspondence complaining of the delay in the sale approval process caused by the Applicant. In addition, both the realtor for the buyers and the buyers filed motions with the court seeking to have it consider approving the sale of the Debtors' residence because they felt they could not get the Applicant to file the appropriate motion. Within seven days of the motion being filed by the realtor, the Applicant filed an application to sell on behalf of the Debtors. Similarly, the Applicant filed an amended application to sell on behalf of the Debtors within twelve days of a motion being filed by the purchasers. Although the court does not discount the Applicant's testimony regarding the difficulty of her efforts in dealing with the realtor and the purchasers, neither can it totally discount the suggestion that some of the delay in gaining final approval of the sale was due to a degree of procrastination or "foot-dragging" on her part.

17.  A review of the case docket reveals that the filed pleadings consist primarily of procedural matters. The Applicant

filed no adversary proceedings in the case and, aside from the applications to sell, the only substantive pleading she filed was a motion to reinstate the case after dismissal for failure to timely complete the filing of the proposed plan, schedules, and statements.

18.  The testimony at the hearing on this matter bolsters the court's conclusion regarding the complexity of this case. Jenny P. Holman, staff attorney for the Chapter 13 Trustee in the Charlotte division; Steven Tate, standing Chapter 13 Trustee for the Wilkesboro and Shelby divisions; and Geoffrey Planer, an experienced consumer bankruptcy attorney who has represented Chapter 13 debtors in this District for over thirty years, served as witnesses for the Chapter 13 Trustee and were admitted by the court as experts in matters of Chapter 13 practice and procedure in the Western District. All three witnesses testified that this case was a routine proceeding and that the compensation requested in the Application was excessive.  They offered their expert opinions that based on the routine nature of this case, the Applicant's total compensation should be limited to the presumptive base fee of $3,200.00; two presumptive non-base fees of $450.00 each for filing the two applications for authority to sell; and some reasonable compensation for the preparation and defense of the Application itself.

19.   Both Ms. Holman and Mr. Tate indicated that while they occasionally administer Chapter 13 cases in which the debtor's attorney requests a base fee in excess of the presumptive amount, those cases are rare and in each such case the debtor's attorney has complied with the provision of Local Rule 2016-2(e) and specifically identified those complex legal matters which the attorney believes support the attorney's fee. Mr. Planer testified that in all of his years representing Chapter 13 debtors, he had never filed an application for authority to sell real property in which he requested an attorney's fee in excess of the presumptive non-base fee amount.

20.   Robyn C. Whitman, previously employed by the Bankruptcy Administrator for the Middle District of North Carolina, testified on behalf of the Applicant.  Ms. Whitman stated that part of her responsibilities in the BA's office involved reviewing fee applications but she spent only 10-15% of her time on Chapter 13 cases.  Moreover, she confirmed on cross-examination that she has neither practiced law nor reviewed fee applications in the Western District.

21.   Surprisingly, Ms. Whitman testified that in her opinion all of the attorney's fees requested by the Applicant were reasonable. She admitted, however, that in her position in the BA's office she had not seen many cases in which a debtor's attorney had requested higher than the normal base fee and the

cases in which they had involved complex litigation or business issues. In addition, she indicated that the largest fee application she had personally reviewed in a Chapter 13 case in the Middle District was only in the approximate amount of $12,000.00.

***The Skill Required to Properly Perform the Legal Services Rendered and the Experience, Reputation and Ability of the Applicant***

22.   The court recognizes that the Applicant is an experienced Chapter 13 bankruptcy attorney whose practice in the Western District is focused principally on consumer bankruptcy matters. She has been filing consumer bankruptcy cases for approximately twenty-five years, she has served on a variety of bankruptcy bar committees, and she has been a speaker at continuing legal education programs devoted to bankruptcy matters. Simply put, the court does not question the Applicant's experience, reputation, or ability. However, as noted above, this case was a routine filing that involved no complex legal matters and required no specialized skills for the Applicant to properly represent these Debtors.

***The Customary Fee for Like Work and Attorneys' Fee Awards in Similar Cases***

23.   To simplify the process for approval of attorney's fees in Chapter 13 cases, most bankruptcy courts, including this one, have adopted some form of presumptive, "no look" fees by

operation of local rule or administrative order.  See Stephens,
Boatwright, Cooper & Coleman, PC v. Beskin, 2012 WL 4863796, at
*3 (W.D. Va. Oct. 12, 2012).  These no look fees are deemed to
be reasonable compensation for the particular services performed
without the need for further judicial review and approval. As
noted by the District Court in the Western District of Virginia,
no look fees " 'encourage[ ] efficient use of attorney time by
providing fair compensation to efficient practitioners and by
preventing inefficient practitioners from passing on the cost of
their inefficiency.' "  Id. (quoting Law Offices of David A.
Boone v. Derham-Burk (In re Eliapo), 468 F.3d 592, 599-600 (9th
Cir. 2006)).  Moreover, "the use of a precalculated presumptive
fee 'aids bankruptcy courts in disposing of run-of-the-mill
Chapter 13 fee applications expeditiously and uniformly,
obviating the need for bankruptcy courts to make the same
findings of fact regarding reasonable attorney time expenditures
and rates in typical cases for each fee application that they
review.' "  Id. (quoting In re Cahill, 428 F.3d 536, 541 (5th
Cir. 2005)).

24. Pursuant to Local Rule 2016-2, this court has
prescribed presumptively fair no look fees to be applied to base
and non-base services rendered by Chapter 13 debtor's attorneys.
The list of no look fees includes the specific professional

services that are contemplated to be performed and the amount of compensation to be awarded for each.

25.   The base attorney's fee contemplates the performance of standard services that are presumed to arise in any routine Chapter 13 case up to confirmation of the debtor's proposed plan. The base fee also includes several standard post-confirmation services. By operation of the Local Rule and upon proper written disclosure of the requested fee in the particular Chapter 13 case, the base fee is deemed to be allowed without the need for a separate application and court order.  The non-base attorney's fees address specific, individual services that may arise in some, but not all, Chapter 13 cases, and the debtor's attorney is therefore deemed to be entitled to additional compensation beyond the base fee when the need for such services arises and they are provided.

26.  The court adopted the presumptive base and non-base fees contained in Local Rule 2016-2 only after a thorough, time-consuming analysis of the state of Chapter 13 practice in this district and other districts throughout the country and with the advice of a court-appointed Local Rules Committee.  This Committee included members of the Chapter 13 debtor's and creditor's bars, staff from the Bankruptcy Court Clerk's Office and Chambers, the Bankruptcy Administrator, and the Chapter 13 Trustees. The amounts of the presumptive fees are periodically

reviewed by the court and revised as appropriate. At the time of the filing of this case, the court's presumptive base fee was set at $3,250.00. The presumptive non-base fee for obtaining court approval for the sale of real property was $450.00 and that amount remains the same today.[2]

27. Based on its first-hand observation of Chapter 13 practice in this District,[3] participation on the last three Local Rules Committees to consider Chapter 13 attorney's fees, as well as the evidence presented at the hearing on this matter, the court concludes that the Chapter 13 debtor's bar in this District considers the presumptive fees to be reasonable compensation for the prescribed services in nearly all Chapter 13 cases. For example, Ms. Holman testified that for the one-year period ending July 31, 2013, 1,234 Chapter 13 cases were filed in the Charlotte division. Of those cases, only nine included debtor attorney applications for a base fee in excess of the presumptive amount. Ms. Holman indicated that a couple of those applications sought a base fee in the amount of $3,900 due to the then-revised but not yet enacted amended Local Rules. The highest base fee sought was $6,900. According to Ms. Holman,

---

[2]   Effective March 1, 2013, the court revised its Local Rules and, as part of that revision, increased the presumptive base fee amount to $3,900.00.
[3]   The undersigned judge hears all Chapter 13 cases in the Charlotte and Wilkesboro divisions, which constitute the majority of Chapter 13 cases in this District.

she typically sees the applications for increased base fees in
Chapter 13 cases with companion Chapter 11 cases or cases
involving multiple pieces of real property or other complex
issues.  She also testified that not one debtor's attorney had
requested a non-base fee in excess of the presumptive amount for
an application for authority to sell real property filed in the
Charlotte division in the one-year period ending July 31, 2013.

28.  Similarly, Mr. Tate testified that for the same one-
year period ending July 31, 2013, 777 Chapter 13 cases were
filed in the Shelby and Wilkesboro divisions. Of those cases,
only 11 included debtor's attorney applications for a base fee
in excess of the presumptive amount. According to Mr. Tate, the
average increased amount sought was $5,700, while the highest
amount was $6,250.  He also testified that of the 65 or 66
applications for authority to sell real property filed in the
Shelby and Wilkesboro divisions in that same time period, no
debtor's attorney had requested a non-base fee in excess of the
presumptive amount.

29.  While the court's presumptive base and non-base fees
as set forth in Local Rule 2016-2 are deemed to be reasonable
compensation for the prescribed professional services rendered,
they are only the starting point for determining reasonableness.
In any case-such as this one-where the debtor's attorney has
alleged the existence of special circumstances that require a

departure from awarding presumptive fees as reasonable compensation, the court will evaluate the attorney's request for compensation by the specific application of the previously referenced statutory and <u>Johnson</u> factors. In such a situation, Local Rule 2016-2(e) details the procedure that must be followed by the debtor's attorney. Whether the attorney seeks a base fee in excess of the presumptive fee or applies for non-base fees on a time and expenses basis, the appropriate application or election must be made within 30 days after the petition is filed and noticed for hearing.

30. While the Chapter 13 Trustee did not raise the procedural issue in his objection, the court believes that it is incumbent upon it to note the Applicant's failure to observe the proper procedure in this case. Specifically, the Applicant did not file her Application until more than two years after the case was filed. She testified that she had not become aware of the procedure required by the local rule until just recently and, upon examination, it was not apparent that she fully understood the procedure. However, the procedure has been in place in the Western District and expressly included in the Local Rules for many years.[4]   As Ms. Holman and Mr. Tate

---

[4] Based on a review of past versions of the court's Local Rules, the court confirmed that these procedures have been in place since at least September 1, 2004. The court also notes that the base fee amount in effect when the Local Rules were revised

testified, other Chapter 13 debtor's attorneys have followed this procedure when requesting base attorney's fees in excess of the presumptive amount.

## CONCLUSION

31. In conclusion, for all of the reasons set forth herein, the court finds that the Applicant has not introduced evidence sufficient to establish that the attorney's fees requested in the Application are reasonable as is required by consideration of the factors set forth in section 330(a)(3) of the Bankruptcy Code and the <u>Johnson</u> factors as adopted by the Fourth Circuit. The routine nature of this case coupled with the Applicant expending time on matters that were not directly related to the administration of the case, or, if related, were excessive and unnecessarily duplicative, compel the court to conclude that it must deny the Application. The court has adopted presumptive base and non-base fees and those fees are deemed to be reasonable compensation. This case simply did not involve the kind of complex legal or business issues that the court sees in those few Chapter 13 cases in which it deviates from the presumptive fees.

---

effective July 2, 2007, was $1,600. Thus, the base fee amount has more than doubled in the last six years. The base fee increased to $3,250 on July 2, 2007, and $3,900 when the Local Rules were most recently revised effective March 30, 2013. These increases reflect an effort by the court to periodically review the base fees to ensure they are reasonable.

Based upon the foregoing, it is hereby **ORDERED** that:

1.  The Application for approval of attorney's fees is denied.

2.  Compensation for the Applicant is limited to a total of (1) the presumptive base attorney's fee of $3,250.00 previously awarded by the court; (2) two presumptive non-base attorney's fees of $450.00 each, or a total of $900.00, previously awarded by the court for filing the initial application and the amended application for authority to sell real property; and (3) $1,000.00 for the Applicant's preparation and defense of the Application.

4.  The application for reimbursement of reasonable and necessary expenses of $665.14 is allowed.

5. The court authorizes the Chapter 13 Trustee to disburse the net sale proceeds he is currently holding in escrow upon entry of this order in a manner consistent with the terms of the confirmed plan and the provisions of this Order.

**This Order has been signed                    United States Bankruptcy Court
electronically.  The Judge's
signature and the Court's seal
appear at the top of the Order.**